# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JASON SAGGIO,<br><br>    Plaintiff,<br><br>v.<br><br>MEDICREDIT, INC,<br><br>    Defendant. | CASE NO.: |

## CLASS ACTION COMPLAINT

1. Defendant Medicredit, Inc. ("Medicredit" or "Defendant") blasts illegal prerecorded "robocalls" to people throughout America who do not owe it any money, such as Plaintiff Jason Saggio ("Plaintiff").

2. Medicredit is a debt collector known for robocalling people without the federally mandated express consent.

3. These robotic, prerecorded calls are extraordinarily frustrating and annoying and are the number one consumer complaint in the country.

4. Congress enacted the Telephone Consumer Practices Act (TCPA) in 1991 to protect citizens from the nuisance and invasion of privacy caused by unwanted robocalls calls, described by its chief sponsor as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).

5. This case is precisely about what Congress was attempting to eradicate under the TCPA.

6. Plaintiff has no account or business relationship with Medicredit.

7. Medicredit is a serial violator of our federal laws and has been a Defendant in many individual cases and class actions for its debt-collection practices.

8. Medicredit's prerecorded robotic message to Plaintiff is an acknowledgement that it regularly calls people that do not owe it money, people that never gave it the consent required by law.

9. Medicredit knows that it regularly calls people without consent, even giving them an option to "press 2 if you are not this person."

10. Medicredit's prerecorded robotic message here was an apparent attempt to collect a consumer debt for someone named "Lucy," a person Plaintiff does not know.

11. Because of its corporate policies and practices, Medicredit robocalls people to try to collect debts that they do not owe.

12. Medicredit's business model is focused on its bottom line without regard for the privacy of people.

13. To enforce the TCPA, recover penalties, and end Medicredit's violations, Plaintiff brings this action on behalf of a class to whom Medicredit made calls using automated and prerecorded messages, without consent.

**Parties**

14. Plaintiff Jason Saggio resides in Valrico, Florida.

15. Defendant Medicredit Inc. is a corporation with its principal place of business in Earth City, St. Louis County, Missouri.

16. Plaintiff is the "called party" in accordance with the TCPA.

**Jurisdiction and Venue**

17. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). This matter in controversy exceeds $5 million exclusive of interest and costs, as each member of the proposed class of tens of thousands is entitled to up to $1,500 in statutory damages for each unlawful call. Further, at least one class member resides in a state different than Defendant.

18. This Court also has original subject matter jurisdiction under 28 U.S.C. § 1331 because this action presents a federal question involving the application of the TCPA.

19. Venue is proper under 28 U.S.C. §§ 1931(b)-(c) and 1441(a), because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## Background of TCPA

20. "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls---3.7 million complaints in 2019 alone." *Barr v. American Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (U.S. 2020).

21. As one publication put it, "[i]f robocalls were a disease, they would be an epidemic." Rage Against Robocalls, Consumer Reports (July 28, 2015).

22. The sheer volume of illegal calling overwhelms the enforcement efforts of government agencies such as the FTC and the Federal Communications Commission. Consequently, private consumer enforcement actions, which Congress authorized when it enacted the TCPA in 1991, play a critical role in combatting illegal calling.

23.     Title 47 U.S.C. § 227(b) regulates so-called "robocalls"—calls using, among other things, an artificial or prerecorded voice.

24.     Regarding telephone numbers assigned to a cellular telephone service, the statute prohibits calls using an artificial or prerecorded voice, other than emergency calls or calls placed with the prior express consent of the called party. *Id.* § 227(b)(1)(A).

25.     Persons who receive calls in violation of these provisions may bring an action to recover the greater of the monetary loss caused by the violation, or $500. *Id.* § 227(b)(3). If the Court finds Defendant willfully or knowingly violated § 227(b), the Court may increase the award to up to $1,500 per violation. *Id.*

**Factual Allegations**

26.     Plaintiff's telephone number, XXX-XXX-6744, is assigned to a cellular telephone service. Plaintiff received the telephone call at issue at that number.

27.     During the relevant period, Plaintiff carried his cellular phone with him because he wanted to be available for his work, family, and friends.

28.     On or about July 13, 2022 Plaintiff received a call from Defendant at (800) 823-2318.

29.     When Plaintiff answered the call, a pre-recorded or artificial voice stated that it was looking for a consumer named "Lucy," and if the recipient of the call was not "Lucy" to press 2. Plaintiff pressed 2.

30.     Defendant's call invaded Plaintiff's privacy and intruded upon his right to seclusion. The call frustrated and upset Plaintiff by interrupting his daily life and wasting his time.

31.     Defendant's call intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted its battery. The call temporarily seized and trespassed upon Plaintiff's use of his cellular phone and caused him to divert attention away from other activities to address the call.

## Class Action Allegations

32.     Plaintiff brings this action under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) as a representative of the following class:

> All persons or entities within the United States who (1) within four years of the commencement of this action, (2) received a nonemergency telephone call from Medicredit, (3) to a cellular telephone line, (4) through the use of an artificial or prerecorded voice, and (5) who did not provide express consent to receive calls from Medicredit at that cellular telephone number.

33.     Excluded from the class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

34.     The class definition is subject to change and may be modified and refined as Plaintiff obtains information in discovery about Defendant's corporate practices.

### *Numerosity*

35.     Plaintiff does not know the exact number of class members, but based upon the size and scope of Defendant's business, and that Medicredit has been sued numerous times for violating the TCPA, Plaintiff believes that the class members' number at a minimum in the hundreds if not thousands.

36.     The size and the geographic dispersal of the putative class makes joinder impracticable.

### *Commonality and Predominance*

5

37. Questions of law and fact are common to all class members and predominate over questions that affect only individual class members. Those common questions include:

a. Whether Defendant used artificial or prerecorded voice in connection with the placement of calls to cellular telephones;

b. Whether Defendant had prior express consent to place the prerecorded calls;

c. Whether Defendant's conduct was willful or knowing; and

d. Whether Defendant should be enjoined from engaging in such conduct in the future.

### *Typicality*

38. As a person who received a call using an artificial or prerecorded voice, without prior express consent, Plaintiff's claims are typical of class members' claims.

### *Adequacy of Representation*

39. Plaintiff will fairly and adequately represent and protect the interests of the class, and Plaintiff does not have an interest that is antagonistic to any member of the class. Plaintiff has retained counsel experienced in handling class action claims involving the TCPA and other consumer protection statutes.

### *Superiority*

40. A class action is the superior method for the fair and efficient adjudication of this controversy. Because the amount of each class member's claim is small relative to the complexity of the litigation, and because of Medicredit's financial resources, class members are unlikely to seek legal redress individually for the violations detailed in this complaint. Class-wide relief is essential to compel Defendant to comply with the TCPA. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings.

41. By contrast, a class action presents fewer management difficulties, allows claims to be heard that would otherwise go unheard because of the expense of individual litigation, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I
## Violation of the TCPA

42. Plaintiff incorporates by reference and realleges paragraphs 1 through 41.

43. Defendant knowingly and/or willfully violated the TCPA with respect to Plaintiff and members of this class.

44. Defendant placed non-emergency telephone calls to the wireless telephone number of Plaintiff using a prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

45. As a result of Defendant's illegal conduct, Plaintiff and the members of the class suffered actual damages and, under Section 227(b)(3)(B), are entitled to a minimum of $500 in damages for each violation of the TCPA.

46. Plaintiff and class members are also entitled to, and do seek, injunctive relief prohibiting Defendant from violating the TCPA in the future.

### Relief Sought

Plaintiff requests that the Court:

a. Determine that the claims herein may be maintained as a class action under Rule 23, and issue an order certifying the class defined above (or as modified) and appointing Plaintiff as the class representative and his counsel as class counsel;

b. Award $500 in statutory damages for every call that Defendant placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

  c.  Award $1,500 in statutory damages for every call that Defendant made knowingly or willfully in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

  d.  Grant declaratory and injunctive relief, including, without limitation, an order requiring Medicredit to implement measures to stop future TCPA violations; and

  e.  Award such other relief as the Court deems proper.

Plaintiff demands trial by jury.

              Respectfully submitted,

              /s/ Alex Wolff
              Alex Wolff
              **Morgan and Morgan**
              200 N. Broadway, Suite 720
              St. Louis, MO 63102
              314-955-1045
              alexwolff@forthepeople.com

              Billy Peerce Howard, Esquire
              Florida Bar No. 0103330
              Amanda J. Allen, Esquire
              Florida Bar No. 0098228
              **THE CONSUMER PROTECTION FIRM**
              4030 Henderson Boulevard
              Tampa, FL 33629
              Telephone: (813) 500-1500
              Facsimile: (813) 435-2369
              Amanda@TheConsumerProtectionFirm.com
              Billy@TheConsumerProtectionFirm.com

              John A. Yanchunis
              Florida Bar No. 324681
              JYanchunis@ForThePeople.com
              Patrick A. Barthle II
              Florida Bar No. 99286
              PBarthle@ForThePeople.com
              Marcio W. Valladares
              Florida Bar No. 0986917
              MValladares@ForThePeople.com

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402

Counsel for Plaintiff and the putative class