**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JASON SAGGIO,                    )
                                 )
         Plaintiff,              )
                                 )    Case No. 4:22-CV-01005
    vs.                          )
                                 )
MEDICREDIT, INC.,                )
                                 )
         Defendants.             )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion to dismiss the complaint or strike

the class allegations in this action under the Telephone Consumer Protection Act (TCPA).  For

the reasons set forth below, the motion will be denied.

### BACKGROUND

The TCPA was enacted in 1991 to address the nuisance of robocalls.  It states in pertinent

part:

> It shall be unlawful for any person within the United States, or any person outside
> the United States if the recipient is within the United States (A) to make any call
> (other than a call made for emergency purposes or made with the prior express
> consent of the called party) using any automatic telephone dialing system or an
> artificial or prerecorded voice… (iii) to any telephone number assigned to a
> paging service, cellular telephone service, specialized mobile radio service, or
> other radio common carrier service, or any service for which the called party is
> charged for the call …

47 U.S.C. § 227 (b)(1)(A)(iii).  In short, it is unlawful to make a robocall to a cell phone without

the recipient's consent unless the call is for emergency purposes.

In July 2022, Plaintiff Jason Saggio, a Florida resident, alleges that he received a

"prerecorded robotic message" from Defendant Medicredit, a medical debt collector

incorporated and headquartered in Missouri, attempting to collect a consumer debt from an

1

individual named Lucy.  The message instructed the recipient to "press 2 if you are not this person."  Plaintiff pressed 2, and the call ended.  Plaintiff then filed this putative class action, individually and on behalf of others similarly situated, seeking statutory damages and injunctive relief.  The proposed class consists of:

> All persons or entities within the United States who (1) within four years of the commencement of this action, (2) received a nonemergency telephone call from Medicredit, (3) to a cellular telephone line, (4) through the use of an artificial or prerecorded voice, and (5) who did not provide express consent to receive calls from Medicredit at that cellular telephone number.

Defendant moves to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P., arguing that Plaintiff suffered no injury in fact and therefore lacks standing to sue.  Alternatively, Defendant seeks to dismiss the complaint under Rule 12(b)(6) for failure to state a claim, arguing that the facts pleaded in Plaintiff's complaint fail to establish a TCPA violation.  Should the court decline to dismiss the complaint entirely, Defendant seeks to strike the class allegations pursuant to Rule 12(f).

## DISCUSSION

### Legal Standards

Rule 12(b)(1) permits a party to move for dismissal for lack of subject matter jurisdiction.  If a plaintiff has no standing, then the district court has no subject matter jurisdiction. *ABF Freight Sys., Inc. v. Int'l Broth. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011).  The existence of subject matter jurisdiction is a question of law. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016).  When a motion to dismiss for lack of subject matter jurisdiction is brought at the pleading stage, the Court reviews it as a facial attack on jurisdiction.  In this posture, the Court restricts itself to the face of the pleadings and applies the standards of Rule 12(b)(6). *Id.*

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of

the complaint. *Johnson v. McDonald Corp.*, 542 F. Supp. 3d 888, 890 (E.D. Mo. 2021). For purposes of this motion, the Court accepts all factual allegations as true and construes them in favor of the plaintiff. *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqubal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).

## Standing

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). For a plaintiff to have standing, he must show that (1) he suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) the injury was likely caused by the defendant; and (3) the injury would likely be redressed by judicial relief. *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2203 (2021). The plaintiff's injury must be real and concrete, not abstract. *Id.* at 2204. "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 578 at 341. But a plaintiff "need not allege any *additional* harm beyond the one Congress has identified." *Id.* at 342 (italics in original).

Consistent with Supreme Court precedent in *Spokeo*, the Eighth Circuit has held that receiving a robocall is a concrete injury under the TCPA for purposes of Article III standing. In *Golan v. FreeEats.com, Inc.*, 930 F.3d 950 (8th Cir. 2019), the plaintiffs received two

3

telemarketing messages on their answering machine. Noting that the TCPA was intended to remedy the harm of unwanted intrusion and nuisance, the Court concluded that this was sufficient to confer standing. "[I]n the standing analysis, we consider the nature or type of harm, not its extent." *Id.* at 959.

Defendant argues that *Golan* is distinguishable based on the number of calls and how and where they were received. The Court finds this argument unpersuasive. When considering the nature and type of harm for purposes of standing, the Court finds no material difference between one answered robocall to a cell phone, addressed by paragraph (A) of the statute, and two recorded messages to a residential answering machine, addressed by paragraph (B). Both represent the type of nuisance the TCPA was intended to address.

Defendant further argues that *Golan* is not controlling in light of the Supreme Court's subsequent decision in *TransUnion*. There, the plaintiffs brought claims under the Fair Credit Reporting Act after their credit reports were tainted by defamatory information. The majority opinion concluded that the plaintiffs whose credit reports were not provided to third parties did not suffer concrete harm but only a risk of harm and therefore lacked standing. The Court reasoned in part that, in deciding whether intangible harms are concrete, courts should consider whether the injury bears a close relationship to traditionally recognized harms. *Id.* at 2204 (citing *Spokeo*, 578 U.S. at 341).

Relying on this instruction, Defendant argues that Plaintiff has failed to plead the elements of comparative torts such as invasion of privacy, trespass to chattel, and emotional distress. But *TransUnion* does not require element-specific pleadings of each common law analog in order to allege injury under the TCPA. Moreover, the notion of comparator torts was discussed in *Spokeo* and *Golan*. *See Golan*, 930 F.3d at 958 (citing *Spokeo*). *Golan* is squarely

4

on-point and controlling in this Circuit.[1]  "The harm to be remedied by the TCPA was the

unwanted intrusion and nuisance of unsolicited telemarketing phone calls and fax

advertisements." *Id*. at 959.  Unlike the harm that the majority considered speculative in

*TransUnion*, Plaintiff pleads actual injury here – i.e., that the call invaded his privacy and

intruded on his right to seclusion, interrupted his daily life and wasted his time, caused him

frustration, occupied his cell phone, and depleted the battery.  These pleadings with respect to the

*nature* of the injury, without regard to the extent, even if arguably *de minimus*, are sufficient to

allege concrete harm for purposes of standing under the TCPA.

Next, Defendant contends that, even if Plaintiff suffered a concrete injury, he failed to

plead facts demonstrating that Defendant caused it.  In support of this theory, Defendant argues

that Plaintiff did not expressly plead the use of automatic telephone dialing system (ATDS) but

only the "making" of a call using an artificial or pre-recorded voice, and voices do not *initiate*

calls.  Defendant posits that the dialing itself was not a violation; rather, the ringing call was

lawful until Plaintiff answered it, triggering the recording.

---

[1]     Defendant's reliance on *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019), where the Court
rejected standing based on a single text message, is misplaced in this Circuit.  This Court is bound to
follow *Golan*.

Further, Defendant's separation of powers argument, suggesting that the TCPA unconstitutionally
confers prosecutorial powers on private citizens, is plainly frivolous.  Myriad consumer protection laws
create private rights of civil action.  The TCPA has existed for over 30 years, during which the Supreme
Court has had numerous occasions to examine it.  *See generally Facebook, Inc. v. Dugid*, 141 S.Ct. 1163
(2021) (construing the autodial aspect of the TCPA); *Barr*, 140 S.Ct. 2335 (2020) (invalidating the
government debt collection exception to the TCPA on First Amendment grounds); *PDR Network, LLC v.
Carlton & Harris Chiropractic, Inc.*, 139 S.Ct. 2051 (2019) (examining the interplay between the TCPA
and the Hobbs Act); *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016); *Mims v. Arrow Financial
Servs., LLC*, 565 U.S. 368 (2012) (confirming federal question jurisdiction in TCPA cases).  The Court
will not entertain Defendant's constitutional challenge to the TCPA here simply on the premise Plaintiff's
injury was "trivial." (Doc. 14 at p. 15).  Standing arises from the *nature* of the injury and not the extent.
*Golan*, 930 F.3d at 959.

Defendant's statutory construction leads to the absurd inference that Plaintiff injured himself by answering the phone. Given the clear legislative intent of the TCPA, this argument lacks any colorable merit. The statute prohibits a person from making a call to a cell phone using an artificial or pre-recorded voice. 47 U.S.C. § 227 (b)(1)(A)(iii). Viewing the facts and reasonable inferences in Plaintiff's favor, that is what Plaintiff alleges to have occurred here. Plaintiff's claimed injury, both the ringing and the recording, is directly traceable to Defendant's alleged violation. Plaintiff has sufficiently pleaded causation.

**Sufficiency**

To state a claim under the TCPA the plaintiff must plead that (1) the defendant called a cell phone (2) using an automatic telephone dialing system or artificial or prerecorded voice (3) without the prior express consent of the called party. 47 U.S.C. § 227 (b)(1)(A)(iii). Defendant asserts that Plaintiff fails to state a claim because he insufficiently pleads the absence of consent.

Plaintiff specifically pleads that Defendant placed a call to his cell phone using a prerecorded or artificial voice "without his prior express consent." (Doc. 1 at ¶ 44). Defendant, however, argues that "called party" means the network subscriber and not the actual or intended recipient of the call, and Plaintiff failed to specifically plead a lack of *subscriber* consent. *See ACA Int'l v. Fed. Communications Comm'n*, 885 F.3d 687, 706 (D.C. Cir. 2018) (holding that the Federal Communications Commission could permissibly interpret "called party" to mean current subscriber rather than intended recipient). This argument is not persuasive.

The Eighth Circuit has not squarely decided whether consent is a *prima facie* element or an affirmative defense, but it appears to favor the latter. *See Zean v. Fairview Health Services*, 858 F.3d 520, 525 n.3 (8th Cir. 2017) (noting that a defendant caller would have superior access to records likely to show consent). And many district courts have expressly deemed lack of

6

consent an affirmative defense to be proven by the defendant. *Hand v. Beach Entm't KC, LLC*, 456 F. Supp. 3d 1099, 1145 (W.D. Mo. 2020) (collecting cases). Moreover, Plaintiff pleads that *his* phone number, to which he received the call, is assigned to a cellular service. (Doc. 1 at ¶ 26). At this stage, Plaintiff is entitled to the reasonable inference that he is the subscriber. The complaint is not insufficient for lack of a specific pleading on this issue.

**Class Certification**

A class action may be maintained if Rule 23(a) is satisfied along with one of the three alternatives in Rule 23(b). Fed. R. Civ. P. 23. The class must always meet the requirements of numerosity, typicality, commonality, and adequacy of representation. *Miles v. Medicredit, Inc.*, 526 F.Supp.3d 487, 492 (E.D. Mo. 2021). For a class to be certified under Rule 23(b)(2), the proponent must show that the defendant has acted "on grounds that apply generally to the class" so that injunctive or declaratory relief is "appropriate respecting the class as a whole". Fed. R. Civ. P. 23(b)(2). Proponents of class certification under Rule 23(b)(3) must demonstrate that (1) the questions of law or fact common to the members of the proposed class predominate over questions affecting only individual members and (2) a class action is superior to other available methods of fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

Class claims that fail to meet the requirements of Rule 23 may be dismissed pursuant to Rule 12(b)(6). *McCrary v. Stifel, Nicolaus & Co.*, 687 F.3d 1052, 1059 (8th Cir. 2012). However, "[t]he propriety of class action status can seldom be determined on the basis of the pleadings alone." *Miles*, 526 F.Supp.3d at 493 (citing *Walker v. World Tire Corp.*, 563 F.2d 918, 921 (8th Cir. 1977)). The court must possess sufficient evidence to determine the nature of the class allegations and rule on compliance with the Rule 23 requirements. *Id.* Courts in this Circuit have repeatedly stated that motions to dismiss class allegations should be met "with a great deal

7

of skepticism," and that dismissing class allegations prior to discovery and class certification proceedings are "rare" and "generally disfavored." *McCullen v. Union P. R.R. Co.*, No. 19-00347-CV-W-ODS, 2019 WL 3456815, at \*3 (W.D. Mo. July 31, 2019) (collecting cases).

Plaintiff states class allegations under Rule 23(a), (b)(2), and (b)(3). Defendant seeks to strike them based on an "absence of predominance and cohesiveness" between the individual class members, arguing that there are individualized issues with standing and consent that preclude class certification. The Court is not convinced that individual differences would eclipse class claims here given the nature of this case. *See e.g., Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 998 (8th Cir. 2016) (finding commonality and predominance in a TCPA case involving unsolicited fax messages). In any case, at this stage, the record does not yet supply sufficient evidence for the Court to examine the potential deficiencies raised by Defendant in terms of scope and composition of the class or Plaintiff's suitability as class representative. The Court finds it premature to rule on these issues at this time and will reserve a ruling on class certification for another day, later in these proceedings and on a sufficient record. Defendant's alternative argument that Plaintiff's proposed class is impermissibly fail-safe can also be addressed at that time.

**Injunctive Relief**

Finally, Defendant asserts that Plaintiff has failed to establish his standing, and that of the class, to pursue injunctive relief to enjoin Defendant from committing future violations. Defendant contends that Plaintiff's injury is entirely in the past and he has failed to plead a risk of future injury. But the Eighth Circuit case Defendant cites in support of this argument is wholly inapposite. That case involved a challenge to a municipal ordinance banning pit bulls where the plaintiff had subsequently moved away and no longer owned dogs. *Frost v. Sioux*

*City, Iowa*, 920 F.3d 1158 (8th Cir. 2019).  In that instance, the threat of future injury from the ban was entirely conjectural.  *Id.* at 1161.  Here, by contrast, given the likelihood of repeat violations inherent in the very nature of robocalls, Congress expressly authorized injunctive relief based on a single violation of the TCPA.  *See* 47 U.S.C. § 227(b)(3)(A).  Defendant's challenge in this respect is unfounded.

**CONCLUSION**

While Plaintiff's injury may be *de minimus* in extent, the *nature* of the injury is the salient inquiry here, and Plaintiff alleges the type of intrusion intended to confer standing under the TCPA at least sufficient to survive a motion to dismiss for lack of subject matter jurisdiction. The same holds true with respect to Plaintiff's request for injunctive relief clearly available under the statute.

Likewise, accepting the allegations as true at this stage, the Court declines to strike Plaintiff's class allegations at this time notwithstanding the potential deficiencies raised by Defendant.  The Court will consider the scope and composition of the class, as well as Plaintiff's suitability as class representative, in later proceedings on a more adequate record.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss the complaint or strike Plaintiff's class allegations is **DENIED**.  (Doc. 13).

An order requiring the parties to submit a joint proposed scheduling plan will issue separately.

Dated this 2nd day of May 2023.

*John A. Ross*

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

9
