**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASON SAGGIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CV-01005-JAR |
| | ) | |
| MEDICREDIT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Medicredit's Motion for Protective Order. ECF No. 55.  The motion is fully briefed and ready for disposition.

**BACKGROUND**

On September 26, 2022, Plaintiff Jason Saggio filed this putative class action against Medicredit for a single alleged violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii).  That provision makes it unlawful "to make any call (other than for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service[.]"   Saggio alleges that Medicredit violated this provision by calling on his cell phone on or about July 13, 2022, using a pre-recorded or artificial voice that stated it was looking for a consumer named Lucy.  He also seeks to certify a class consisting of:

> All persons or entities within the United States who (1) within four years of the commencement of this action, (2) received a nonemergency telephone call from Medicredit, (3) to a cellular telephone line, (4) through the use of an artificial or prerecorded voice, and (5) who did not provide express consent to receive calls from Medicredit at that cellular telephone number.

ECF No. 1 at p. 5.

On June 27, 2023, the Court issued a Case Management Order ordering the parties to complete discovery on the threshold issues of Saggio's individual claim and suitability as class representative by September 22, 2023.  ECF No. 34.  The deadlines in that Case Management Order were later extended, and the discovery deadline on Saggio's claim and suitability as class representative is now set for June 20, 2024.

On November 28, 2023, Saggio served Medicredit with a Notice of Rule 30(b)(6) deposition, listing several matters for examination.  Medicredit moves for a protective order limiting the matters for examination at the deposition.  Medicredit argues that the matters identified in Saggio's notice are insufficiently specific, irrelevant to his individual claim and suitability as class representative, and otherwise inadmissible.  Specifically, Medicredit challenges the following topics listed in Saggio's notice:

2. Defendant's policy and procedures for communicating with consumers, from September 26, 2018 [through] present.

3. Defendant's policy and procedures for contacting consumers on their cellular telephone, from September 26, 2018 [through] present.

4. Defendant's policy and procedures for using an artificial, or pre-recorded voice from September 26, 2018 [through] present.

5. Defendant's policy and procedures for leaving pre-recorded messages on "813-407-6744" from September 26, 2018 [through] present.

14. Prior complaints, formal or informal made by consumer or their attorneys, for the past four years, concerning alleged TCPA violations similar to those alleged in the present matter.

15. Prior lawsuits filed against the Defendant concerning alleged violations of the [TCPA].

16. Explain and identify any steps Medicredit has taken as a result of this lawsuit, to ensure compliance with the TCPA.

2

17. Explain and identify any steps Medicredit has taken as a result of previous class action lawsuits, to ensure compliance with the TCPA.

18. All facts and information surrounding Defendant's policy and procedures to comply with any injunctive relief [in] previous class actions.

19.  Explain what Medicredit has done, if anything, to try and prevent violations of the TCPA by it or on its behalf.

20.  Medicredit's policies, practices, and procedures for investigating and responding to complaints relating to telephone calls, including intake, investigation, and tracking, and its development and implementation of those policies.

ECF No. 55-1.  In response, Saggio has withdrawn Topics 16 and 18, and he has agreed to limiting the temporal scope of several other matters if Medicredit guarantees that it will provide the requested information in subsequent phases of discovery.

## LEGAL STANDARDS

In general, a party who wants to depose a person by oral questions must give reasonable notice to every other party, stating the time and place of the deposition and the deponent's name and address.  Fed. R. Civ. P. 30(b)(1).  However, a notice or subpoena directed to an organization must name the organization as the deponent and "must describe with reasonable particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6).  The organization "then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so they may give complete, knowledgeable and binding answers on behalf of the corporation."  *Prokosch v. Catalina Lighting, Inc*., 193 F.R.D. 633, 638 (D. Minn. 2000).

Should the requesting party fail to describe the matters for examination with particularity or set forth irrelevant matters, the deponent organization may seek a protective order limiting the scope of discovery.  *See* Fed. R. Civ. P. 26(c); *see generally Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003) ("The rule vests the district court with discretion to limit

3

discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit."). "When determining whether a particular deposition topic is described with reasonable particularity, the Court must consider the topic in light of the scope of relevance." *Sage as Tr. for Sage v. Bridgestone Americas Tire Operations, LLC*, No. CV 18-3170 (DSD/BRT), 2020 WL 13043386, *2 (D. Minn. Jan. 27, 2020).

## DISCUSSION

<u>Topics 2, 3, 4, and 5</u>

Topics 2 through 5 of Saggio's notice set forth Defendant's policies and procedures for contacting consumers as matters for examination. Medicredit argues that these topics are too broad because: (1) they are too remote in time from Saggio's individual claim, or (2) they are not limited to policies and procedures related to calls to Saggio's phone number. They further argue that Topic 2 is insufficiently particular because, as it is currently phrased, it encompasses policies and procedures for all means of communicating with customers. They accordingly request that Topics 3 through 5 be limited to policies and procedures relating to outgoing calls to Saggio's phone number between December 2021 and July 2022[1] and that Topic 2 be stricken entirely. Saggio has indicated in his opposition memorandum that he would acquiesce to Medicredit's proposed limitations if Medicredit would agree to providing the information sought in Topics 2 through 5 in subsequent phases of discovery, but Medicredit has not done so. ECF No. 61 at 5-8.

The Court will grant Medicredit's requests. When the Court entered the case management order, it limited discovery to Saggio's individual claim and suitability as class representative to avoid costly and potentially unnecessary class discovery. Topics 2 through 5

---

[1] Medicredit explains that Saggio's cell phone records show that Plaintiff did not have an account with the telephone number in question until January 20, 2021. ECF No. 55 at 6.

frustrate the Court's purpose by attempting to elicit information about Medicredit's practices and policies during the entire class period.  Saggio argues that these policies and procedures are relevant to his individual claim because they may evince willfulness and the TCPA provides enhanced penalties for willful violations.  But to the extent that these policies could be evidence of willfulness, the purpose of the Court's case management order is better served by eliciting that information in a later phase of discovery.

The Court also agrees that Topic 2 is overbroad.  Medicredit's policies and procedures for all mediums of communication with customers is simply not relevant to the alleged violation of the TCPA.  The burden of preparing a witness to testify to these policies and procedures would far outweigh their probative value.

The Court will accordingly limit and modify the matters for examination set out in Topics 2 through 5 to the following topics:

- Defendant's policies and procedures for contacting "813-407-6744" between December 2021 and July 2022.

- Defendant's policies and procedures for using an artificial or pre-recorded voice in calls to 813-407-6744 between December 2021 and July 2022.

- Defendant's policies and procedures for leaving pre-recorded messages on 813-407-6744 between December 2021 and July 2022.

The parties can file additional motions related to discovery requests for policies during the entire class period as they become necessary in subsequent phases of discovery.

Topics 14 through 20

Topics 14 through 20 of Saggio's notice list as matters for examination prior complaints against Medicredit "concerning alleged TCPA violations similar to those alleged in the present matter," lawsuits against Medicredit for violation of the TCPA, and Medicredit's subsequent

remedial measures following those lawsuits.  ECF No. 55-1 at 5.  Medicredit argues that these matters are temporally overbroad, are stated with insufficient particularity, or seek irrelevant and inadmissible information.  The Court agrees that these matters are irrelevant to Plaintiff's individual claim and suitability as class representative.  None are related to the alleged violation of the TCPA or whether Saggio "received a nonemergency telephone call from Medicredit to a cellular telephone line through the use of an artificial or prerecorded voice and . . . did not provide express consent to receive calls from Medicredit at that cellular telephone number." ECF No. 1 at 5.  The Court will accordingly prohibit inquiry into the matters set forth in Topics 14 through 20.  Again, the parties can refile discovery motions on these issues in subsequent phases of discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Medicredit's Motion for Protective Order [ECF No. 55] is **GRANTED** as stated herein.

Dated this 24th day of April 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE